1  KELLEY DRYE & WARREN LLP
   Andrew M. White (STATE BAR NO. 60181)
2    Edward E. Weiman (STATE BAR NO. 193290)
   Audrey Jing Faber (STATE BAR NO. 247244)
3  10100 Santa Monica Boulevard, Twenty-Third Floor
Los Angeles, California 90067-4008
4  Telephone: (310) 712-6100
Facsimile: (310) 712-6199
5  awhite@kelleydrye.com
eweiman@kelleydrye.com
6  afaber@kelleydrye.com

7  Attorneys for Plaintiff Micah Otano

8

9             **UNITED STATES DISTRICT COURT**

10    **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11

12 MICAH OTANO, an individual,     CASE NO. **CV13-01605** RSWL (JLx)

13        Plaintiff,

14      v.             **COMPLAINT FOR:**

15 FRANK OCEAN aka         **(1) BREACH OF CONTRACT**
CHRISTOPHER BREAUX, an
16 individual; FRESH PRODUCE, LP; a  **(2) FRAUD IN THE INDUCEMENT**
California limited partnership;
17 MALAY aka JAMES RYAN HO, an  **(3) RESCISSION AND**
individual; BHAMBOO LLC, a        **RESTITUTION**
18 Washington limited liability company;
UMG RECORDINGS, INC., a     **(4) COPYRIGHT INFRINGEMENT**
19 California corporation dba THE
ISLAND DEF JAM MUSIC GROUP; **(5) DECLARATORY RELIEF**
20 and UNIVERSAL MUSIC GROUP,
INC., a Delaware corporation,
21                      **DEMAND FOR JURY TRIAL**
22        Defendants.

23

24

25

26

27

28

1    Plaintiff Micah Otano ("Otano"), for his Complaint against Defendants

2   Frank Ocean aka Christopher Breaux ("Ocean"), Fresh Produce, LP (collectively,

3   with Ocean, "Ocean"), Malay aka James Ryan Ho ("Malay"), and Bhamboo LLC

4   (collectively, with Malay, "Malay"), Universal Music Group, Inc., UMG

5   Recordings, Inc. dba The Island Def Jam Music Group (collectively with Universal

6   Music Group, "IDJ") (collectively, "Defendants"), alleges as follows:

7                        **JURISDICTION AND VENUE**

8            1.     The Court has subject matter jurisdiction over this action

9   pursuant to 28 U.S.C. §§ 1331 and 1338(a), as an action arising under the copyright

10   laws of the United States.  The Court has supplemental jurisdiction over the state

11   law claims alleged herein pursuant to 28 U.S.C. § 1367(a).

12           2.     Venue is proper in this district under 28 U.S.C. §§ 1391(b), (c)

13   and 1400(a), in that substantial injury occurred in this district, a substantial number

14   of the events on which the claims in this Complaint are based took place in this

15   district, Defendants are subject to personal jurisdiction in this district, and

16   Defendants may otherwise be found in this district.

17                        **NATURE OF THE CASE**

18           3.     This case arises out of Malay's fraudulent scheme to deprive

19   Otano of credit for his production and performance work on the Frank Ocean song

20   "Lost," which appears on Ocean's album "channel ORANGE" (the "Album"),

21   which won the Grammy Award for Best Urban Contemporary Album of 2012, on

22   February 10, 2013.  Otano co-created the song upon which "Lost" was based (a

23   track called "DayLight") with Malay and another producer, Paul Shelton.  Otano

24   also solely performed the lead synthesizer parts on "DayLight," as well as piano and

25   other parts, and collaborated with Malay on the drum programming, *i.e.*, the

26   electronic drum track, all of which performances were incorporated into "Lost" on

27   the Album.

28   / / /

4. In honor of their co-authorship and co-ownership of the track, Otano and Malay agreed that neither would shop their joint work around the music industry without ensuring co-producer credit for the other, in the event that there was interest in purchasing or using the work. Malay did just that, however, stealing Otano's performances, passing them off as his own, and using them on the Frank Ocean song "Lost." In the process, Malay (through his lawyers) lied to Otano, claiming that Malay "completely re-recorded" Otano's work in the process of producing "Lost." Malay did so in order to convince Otano to sign away his rights in "DayLight" for $1,500, despite the fact that Malay *did* use Otano's performances in "Lost." Indeed, at least two different experts in music analysis have concluded that numerous portions of "DayLight" were used in and/or "copied directly" into "Lost."

5. Malay now stands to profit from his fraud and deceit, since he alone is publicly credited as the producer of "Lost," and Otano has been deprived of the public recognition he deserves as a co-producer of the track. The National Academy of Recording Arts & Sciences presents the Grammy Awards each year to "honor artistic achievement, technical proficiency and overall excellence in the recording industry, without regard to album sales or chart position." There is no more prestigious award in the music world than a Grammy. Indeed, past Grammy Awards for new albums have gone to Frank Sinatra, the Beatles, Stevie Wonder, Billy Joel, Michael Jackson, U2, and Eric Clapton, among other legendary performers. The Album was nominated for this award, and *won* the Grammy Award for Best Urban Contemporary Album – the highest award in the genre in which Otano and Malay both work. Since the Grammy Awards, sales of the Album have increased dramatically.

6. Otano repeatedly attempted to convince Defendants to rectify the situation both *before* and after the Grammys, providing ample opportunity to mitigate the damages caused by their misconduct. Defendants have repeatedly

1   failed and refused to provide Otano with the "produced by" credit to which he is

2   entitled.

3         7.     There is arguably no more shameful act – in either the music

4   world or the non-music world – than to take credit for someone else's hard work and

5   talent, and then accept an award for that work under false pretenses.  The pop band

6   Milli Vanilli learned this lesson the hard way when, after winning a Grammy for

7   Best New Artist, they were stripped of their award when it turned out that they had

8   not sung their own lead vocals.  In this case, Malay stands in the same place as Milli

9   Vanilli, awaiting the same fate, while Otano has received no public credit for his

10   Grammy Award-winning product, no compensation for his work, no producer

11   royalties, and no increase in demand for his services, which would normally attend

12   such an accomplishment.

13         8.     Otano files this Complaint to recover the amounts that he has

14   lost, and will lose, as a direct result of Malay's fraud and deceit, as well as the

15   infringements of the other defendants on Otano's copyright interest in "Daylight,"

16   among other things.  If Malay had not misrepresented his theft of Otano's work

17   (both to Otano and, on information and belief, to Ocean), Otano would never have

18   agreed to allow his work to appear, uncredited, on the Album, and the other

19   defendants would not have profited so fantastically from his work, without having to

20   share those rewards with Otano.

## PARTIES

22         9.     Otano is an individual who resides in the City of Santa Clarita in

23   the County of Los Angeles, California.

24        10.     Ocean is an individual who, upon information and belief, resides

25   in the City of Beverly Hills in the County of Los Angeles, California.

26        11.     Fresh Produce, LP is a California limited partnership, with its

27   principal place of business in Los Angeles, California.

28   / / /

12.    Malay is an individual who, upon information and belief, resides in the City of Bellingham, Washington, and does business in this District.

13.    Bhamboo LLC is a Washington limited liability company, with its principal place of business in Bellingham, doing business in this District.

14.    UMG Recordings, Inc. is a Delaware corporation, doing business in California as The Island Def Jam Music Group, with its principal place of business in Santa Monica, California.

15.    Universal Music Group, Inc. is a Delaware corporation, with its principal place of business in Santa Monica, California.

16.    Otano is informed and believes that at all relevant times, each of the Defendants was the co-conspirator, alter ego, agent or principal, licensee or licensor, assignee or assignor, parent or subsidiary entity, or successor of the remaining Defendants, and in doing the things alleged, was acting within the course and scope of such conspiracy, agency, assignment, license, and/or relationship.  In doing the things alleged in this Complaint, each Defendant was acting with the knowledge and consent of the other Defendants.

## GENERAL ALLEGATIONS

17.    In the Summer of 2010, Otano, Malay, and Paul Shelton collaborated on the composition and production of a musical recording called "DayLight."  Otano and Malay co-wrote the song itself and co-produced the track.  In addition, the recording features numerous musical parts performed by Otano, including the lead synthesizer track, the piano track during the "hook" of the song, and a Rhodes electric piano performance during the verses of the song.  Otano and Malay collaborated on the drum programming for the song.  Otano and Malay agreed to share co-producer credit on "DayLight," and to keep each other informed of their efforts to shop the song to recording artists, record companies, and the like.

18.    Malay ultimately succeeded in doing just that, convincing acclaimed R&B artist Frank Ocean to use "DayLight" as the basis for what would

1 | become the song "Lost" on Ocean's Grammy Award-winning album "channel

2 | ORANGE." In doing so, Malay used sufficient portions of Otano's performances

3 | that they have been readily identified by two different music experts, tasked with

4 | determining whether "Lost" copied material elements of "DayLight." The copying

5 | is undeniable. As explained by a longstanding expert in musicological analysis, "the

6 | instrumental 'bed' in the sound recording in 'Lost' is from the 'DayLight' sound

7 | tracks," with a few limited exceptions. Among the tracks taken from the sound

8 | recording of "DayLight" and used on "Lost" are the drum tracks, keyboard intro,

9 | chorus instrumental melody, electric and bass guitar parts, organ, piano, and Rhodes

10 | electric piano parts, and synthesized string parts.

11 | 19. In order to secure the right to use elements of "DayLight" in the

12 | sound recording for "Lost" – without giving any credit to Otano as co-producer –

13 | Malay needed to persuade Otano to sign a "Certificate of Recording," essentially an

14 | agreement waiving any copyright interest that Otano might have in "Lost." Otano

15 | was reluctant to sign such a certificate, however, since it appeared that Malay had

16 | incorporated significant elements of "DayLight" in "Lost," and Otano wanted to be

17 | compensated and credited accordingly, including receiving co-producer credit on

18 | "Lost."

19 | 20. In order to induce Otano to sign the Certificate of Recording,

20 | Malay (through his lawyer) stated on July 9, 2012, unequivocally, that "to be clear,

21 | this track ["Lost"] was completely re-recorded by Malay and others, although they

22 | did write the original song/track together . . . ." In other words, Malay assured

23 | Otano that none of Otano's performances appeared on "Lost." This statement was

24 | false, and Malay knew it was false when it was made, as set forth above. Malay

25 | repeated the lie later the same day, referring to "Lost" as a "completely re-recorded

26 | version" of "DayLight." In express reliance on the truth of these fraudulent

27 | misrepresentations, Otano signed the Certificate of Recording.

28 | / / /

21.    Otano did not learn the real truth until after having "DayLight" and "Lost" compared by two different experts – one, a music analyst, and the other, an expert in music technology, sound recording, and music production.  Both of the experts concluded that material parts of "DayLight" were, in fact, used in "Lost."  A more definitive analysis could only be performed with the use of the "stem" tracks for each of the instruments used on "Lost," *i.e.*, the individual recordings of each instrument that were used to create the completed recording of the song "Lost."  Otano repeatedly asked Malay to provide these "stem" tracks for "Lost," but Malay has repeatedly refused to turn them over.

22.    In the interim, "Lost" was released by IDJ on or about July 10, 2012, as the eleventh track on the Album.  In light of Malay's involvement in the production of "Lost," and the fact that "Daylight" was known to be the source of elements used in "Lost," all of the defendants knew or should have known that the distribution of "Lost" on the Album was an infringement of Otano's copyright in "Daylight."

23.    The Album debuted at Number 2 on the Billboard 200 chart, selling an "incredible" 131,000 units in the first week alone.  Ocean was nominated for six (6) Grammy Awards for 2012, including Album of the Year and Best Urban Contemporary Album, for "channel ORANGE," and Best New Artist, among others.  On February 10, 2013, the Album, including Otano's uncredited performance on "Lost," won the Grammy Award for Best Urban Contemporary Album.  Malay was identified as a producer on the Album credits and the list of Grammy nominees.  Otano was not.

24.    Otano is informed and believes, and on that basis alleges, that Ocean claims sole ownership of the copyright in the master recording of "Lost."  Otano brings this action for a judgment declaring that Ocean is not the sole owner of the copyright and publishing rights in "Lost," that Ocean is barred from so contending, and that Otano is 50% owner of such copyright and publishing rights,

1   among other things.

## FIRST CLAIM FOR RELIEF

### (For Breach of Contract)

### (Against Defendants Malay and Bhamboo, LLC)

5        25.   Otano realleges and incorporates herein by this reference, as

6   though set forth in full, the allegations in paragraphs 1 through 24, inclusive.

7        26.   In mid-2010, Otano and Malay entered into an oral agreement, as

8   described in paragraphs 4 and 15, above. The oral agreement constitutes a valid and

9   enforceable contract between Otano and Malay.

10        27.   Otano performed all conditions, covenants, and promises

11   required on his part to be performed in accordance with the terms and conditions of

12   the agreement, except to the extent that such obligations have been excused or

13   Malay prevented Otano from performing them. Any conditions precedent to

14   Malay's obligations under the agreement have been satisfied or waived.

15        28.   Malay materially breached the agreement by wrongfully

16   shopping "DayLight" to Ocean and the other defendants, and permitting "DayLight"

17   to be used in whole or in part in the production of "Lost," without ensuring that

18   Otano would share co-producer credit for "Lost."

19        29.   As a direct and proximate cause of Malay's acts, Otano has

20   suffered and will continue to suffer general and consequential damages in an amount

21   to be proven at trial.

## SECOND CLAIM FOR RELIEF

### (For Fraud in the Inducement)

### (Against Defendants Malay and Bhamboo, LLC)

25        30.   Otano realleges and incorporates herein by this reference, as

26   though set forth in full, the allegations in paragraphs 1 through 24, inclusive.

27        31.   Malay made certain representations and warranties through his

28   lawyer in order to induce Otano to entering into the Certificate of Recording.

1   Among these representations and warranties was that material elements of

2   "DayLight" were "completely re-recorded by Malay and others," such that none of

3   Otano's performances appeared on "Lost," and that "Lost" was a "completely re-

4   recorded version" of "DayLight."

5          32.   Malay's representations and warranties in this regard were false

6   when made.

7          33.   Malay made his false representations with the intent to induce

8   Otano to rely thereon, knowing that Otano would never have entered into the

9   Certificate of Recording if he were aware that substantial elements of his

10   performances on "DayLight" were incorporated into "Lost."

11         34.   Otano reasonably relied on Malay's representations, and had no

12   way of ascertaining the falsity and true intent of Defendant as to its fraud and deceit

13   alleged hereunder without the assistance of experts capable performing complicated

14   forensic analyses on the works at issue.  Malay repeatedly assured Otano that the

15   work Otano had performed on "DayLight" had been completely re-recorded and,

16   based on the parties' working relationship and the fact that these representations

17   were relayed through Malay's counsel, Otano had no reason to believe that Malay's

18   representations were false.  Otano had no knowledge of the foregoing wrongful and

19   fraudulent conduct of Malay and could not have discovered Malay's fraud and

20   deceit through ordinary, reasonable actions.

21         35.   As the direct and proximate result of the foregoing fraudulent

22   and wrongful conduct, Otano has suffered and will continue to suffer general and

23   consequential damages in an amount to be proven at trial.

24         36.   Malay engaged in the conduct described above with fraudulent

25   intent, and with a conscious or reckless disregard for Otano's rights.  Accordingly,

26   Otano is entitled to punitive and exemplary damages in an amount as a jury may

27   find necessary to punish Malay for his malicious and wrongful conduct and to deter

28   him and others from engaging in such fraud and deceit in the future.

## THIRD CLAIM FOR RELIEF

### (For Rescission & Restitution)

### (Against All Defendants)

37.     Otano realleges and incorporates herein by this reference, as though set forth in full, the allegations in paragraphs 1 through 24, inclusive.

38.     Otano has suffered, and will continue to suffer, substantial harm and injury under the Certificate of Recording if it is not rescinded in that it was procured by fraud and was intended to deprive Otano of his rightful credit and compensation as a producer on the "Lost" track.

39.     Otano intends service of the summons and complaint in this action to serve as notice of rescission of the Certificate of Recording.

40.     As a result of the Certificate of Recording, Otano has been deprived of his rightful credit and compensation as a producer on the "Lost" track, among other things, in an amount to be proven at trial.

41.     In performing the acts herein alleged, Malay intentionally misrepresented to and concealed from Otano material facts known to Malay, with the intention to deprive Otano of his rightful credit and compensation as a producer on the "Lost" track, among other things, thereby justifying an award of punitive damages against Malay.

## FOURTH CLAIM FOR RELIEF

### (For Copyright Infringement)

### (Against Defendants IDJ and Ocean)

42.     Otano realleges and incorporates herein by this reference, as though set forth in full, the allegations in paragraphs 1 through 24, inclusive.

43.     Otano is the co-author and co-owner of a valid copyright in the musical recording "Daylight." The expression contained in "Daylight" is wholly original to Otano and his co-authors and is copyrightable subject matter under the copyright laws of the United States.

44. Otano applied to the Register of Copyrights for a Certificate of Registration for the sound recording of "Daylight" on February 27, 2013. Otano's application for registration and confirmation of acceptance by the Register of Copyrights is attached hereto and incorporated herein as Exhibit A.

45. Defendants had access to "Daylight" through Malay.

46. Defendants knowingly and intentionally copied "Daylight" without Otano's consent. The musical recordings "Daylight" and "Lost" are substantially similar in their expression.

47. Since on or about July 10, 2012, Defendants have continuously infringed Otano's copyright by distributing, selling, producing, and claiming authorship over, the infringing work.

48. Otano is informed and believes that Defendants, if not direct infringers, are either: (1) vicariously liable for the infringement because they had the right and ability to supervise the infringing conduct and had an obvious and direct financial interest in the infringing conduct; or (2) liable for contributory infringement because Defendants knew (or ought to have known) of the infringing conduct and materially induced, caused, aided or contributed to that conduct.

49. Defendants' copyright infringement has caused, and will continue to cause, Otano substantial damages.

50. As a result of Defendants' copyright infringement, Defendants obtained profits they would not have otherwise realized. Otano is entitled to disgorgement of Defendants' profits attributable to their infringement.

51. Defendants' infringing acts have been willful, intentional, and purposeful, and have been done in disregard and indifference to Otano's rights. These infringing acts have and will continue to cause irreparable injury to Otano.

///

///

///

### FIFTH CLAIM FOR RELIEF

#### (For Declaratory Relief)

#### (Against Defendants Ocean and IDJ)

52.    Otano realleges and incorporates herein by this reference, as though set forth in full, the allegations in paragraphs 1 through 24, inclusive.

53.    An actual controversy has arisen and now exists between Otano, on the one hand, and Ocean and IDJ, on the other, regarding their respective rights and obligations in the master recording of "Lost." With respect to such controversy, Otano contends that he is entitled to co-producer credit on "Lost" and, thus, on the Album, and that he is the co-author and co-owner of the copyright in "Lost." Otano is informed and believes and on that basis alleges that Ocean and IDJ dispute each of Otano's contentions.

54.    Otano seeks a declaration establishing that he is (a) entitled to co-producer credit on "Lost"; (b) a co-author and co-owner of any and all copyrights in the master recording of "Lost"; (c) entitled to an accounting from Ocean based on his use and licensing of "Lost"; (d) entitled to be paid a reasonable royalty or a percentage of the income and profits earned by Ocean and/or generated by IDJ based on their exploitation of "Lost."

55.    Otano seeks a declaration from the Court as to the rights and duties of the parties as reflected in paragraph 47, above.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Micah Otano prays for relief against Defendants as set forth below.

#### ON THE FIRST CLAIM FOR RELIEF

1.    For damages in an amount to be proven at trial.

#### ON THE SECOND CLAIM FOR RELIEF

2.    For damages in an amount to be proven at trial.

1    3.    For exemplary or punitive damages in an amount as a jury may

2    find necessary to punish Defendants for their malicious and wrongful conduct and to

3    deter them and others from engaging in such fraud and deceit in the future.

4    **ON THE THIRD CLAIM FOR RELIEF**

5    4.    For a declaration that the Certificate of Recording has been

6    rescinded.

7    5.    For restitution and consequential damages in an amount to be

8    proven at trial.

9    6.    For exemplary or punitive damages in an amount as a jury may

10   find necessary to punish Malay for his malicious and wrongful conduct and to deter

11   him and others from engaging in such fraud and deceit in the future.

12   **ON THE FOURTH CLAIM FOR RELIEF**

13   7.    That Defendants and their respective agents be permanently

14   enjoined from infringing Otano's copyrights, including the copying, selling,

15   marketing, distributing, displaying or otherwise exploiting infringing copies of

16   "Lost" and that Defendants be required to deliver up to Otano all copies of the

17   infringing work, and all materials used in making the infringing work.

18   8.    That Defendants be required to pay Otano such damages as he

19   has sustained as a result of Defendants' infringement of copyright.

20   9.    That Defendants account for and pay to Otano all gains, profits

21   and advantages derived by Defendants arising from its infringement, or, at Otano's

22   election, statutory damages.

23   **ON THE FIFTH CLAIM FOR RELIEF**

24   10.   For a declaration establishing that Otano is:

25   (a) entitled to co-producer credit on "Lost";

26   (b) a co-author and co-owner of any and all copyrights in the

27   master recording of "Lost";

28   / / /

1                  (c) entitled to an accounting from Ocean based on his use and

2 licensing of "Lost"; and

3                  (d) entitled to be paid a reasonable royalty or a percentage of the

4 income and profits earned by Ocean and/or generated by IDJ based on their

5 exploitation of "Lost."

6 **ON ALL CLAIMS FOR RELIEF**

7          11.      For pre-judgment interest on any amounts awarded at the

8 maximum legal rate as permitted by law and equity.

9          12.      For costs incurred in this action, including reasonable attorney's

10 fees, to the extent permitted by law or equity.

11          13.      For such other and further relief as the Court deems just and

12 proper.

13

14 DATED: March 6, 2013          KELLEY DRYE & WARREN LLP

15                                 Andrew M. White
                                Edward E. Weiman

16                                 Audrey Jing Faber

17

18                     By _____

19

20                              Andrew M. White
                          Attorneys for Plaintiff Micah Otano

21

22

23

24

25

26

27

28

## **DEMAND FOR TRIAL BY JURY**

Plaintiff Micah Otano hereby demands a trial by jury on all issues triable by jury.

DATED: March 6, 2013

KELLEY DRYE & WARREN LLP
Andrew M. White
Edward E. Weiman
Audrey Jing Faber

By _____
    Andrew M. White
Attorneys for Plaintiff Micah Otano

**EXHIBIT A**

## *-APPLICATION-*

## Title ───────────────────────────────────

|  |  |
|---|---|
| **Title of Work:** | Daylight |
| **Previous or Alternative Title:** | Burning on Daylight |
|  | Daylight (Inst) |

## Completion/Publication ──────────────────────

|  |  |
|---|---|
| **Year of Completion:** | 2010 |

## Author ──────────────────────────────────

|  |  |  |  |
|---|---|---|---|
| ▪ **Author:** | Micah Josue Otano |  |  |
| **Author Created:** | sound recording, production, music, lyrics |  |  |
| **Work made for hire:** | No |  |  |
| **Citizen of:** | United States | **Domiciled in:** | United States |
| **Year Born:** | 1984 |  |  |
| ▪ **Author:** | James Malay Ho |  |  |
| **Author Created:** | sound recording, production, music, lyrics |  |  |
| **Work made for hire:** | No |  |  |
| **Citizen of:** | United States | **Domiciled in:** | United States |
| ▪ **Author:** | Paul Shelton |  |  |
| **Author Created:** | lyrics |  |  |
| **Work made for hire:** | No |  |  |
| **Citizen of:** | United States | **Domiciled in:** | United States |

## Copyright claimant ──────────────────────────

|  |  |
|---|---|
| **Copyright Claimant:** | Micah Josue Otano |
|  | 25024 Peachland Ave, Newhall, CA, 91321 |

## Rights and Permissions ──────────────────────

Page 1 of 2

Exhibit A

|        |                          |                 |              |
|--------|--------------------------|-----------------|--------------|
| **Name:** | Micah  Otano          |                 |              |
| **Email:** | oppositehabitat@yahoo.com | **Telephone:** | 407-927-8131 |
| **Address:** | 25024 Peachland Ave   |                 |              |
|        | Newhall, CA 91321  United States | **Alt. Telephone:** | 407-927-8131 |

## Certification

**Name:**  Micah Otano

**Date:**  February 27, 2013

**Registration #:**

**Service Request #:** 1-898629861

**Priority:** Routine                    **Application Date:** February 27, 2013 10:08:07 PM

## Correspondent

**Name:** Micah  Otano

**Email:** oppositehabitat@yahoo.com                    **Telephone:** 407-927-8131

**Address:** 25024 Peachland Ave                    **Alt. Telephone:** 407-927-8131
Newhall, CA 91321 United States

## Mail Certificate

Micah Josue Otano
25024 Peachland Ave
Newhall, CA 91321

**Exhibit A**

**Subject:**   Confirmation of Receipt

**From:**   Copyright Office (noreply@loc.gov)

**To:**   oppositehabitat@yahoo.com;

**Date:**   Wednesday, February 27, 2013 3:32 PM


THIS IS AN AUTOMATED EMAIL - PLEASE DO NOT REPLY.

Your application and payment for the work Daylight were received by the U.S. Copyright Office on 02/27/2013.

PLEASE NOTE: Your submission is not complete until you upload or mail the material you are registering. To do so, logon to eCO (https://eco.copyright.gov/eService_enu/) and click on case number 1-898629861 in the Open Cases table. Follow the instructions to either upload a digital copy or mail a physical copy (with shipping slip attached) of the work being registered. Additional instructions and requirements for submitting the material being registered can be found at http://www.copyright.gov/eco/tips/.

SHIPPING SLIPS: If you mail physical copies of the material being registered, the effective date of registration will be based on the date on which we receive the copies WITH CORRESPONDING SHIPPING SLIPS ATTACHED.

A printable copy of the application will be available within 24 hours by clicking the My Applications link in the left top most navigation menu of the Home screen.

You may check the status of this claim via eCO using this number 1-898629861. If you have questions or need assistance, Copyright Office contact information can be found at http://www.copyright.gov/help/index.html#general.

United States Copyright Office

**Exhibit A**

| | |
|---|---|
| **Subject:** | Acknowledgement of Uploaded Deposit |
| **From:** | Copyright Office (cop-rc@loc.gov) |
| **To:** | oppositehabitat@yahoo.com; |
| **Date:** | Wednesday, February 27, 2013 3:43 PM |

THIS IS AN AUTOMATED EMAIL. PLEASE DO NOT REPLY.

Thank you for submitting your registration claim using the Electronic Copyright Office (ECO) System.

The following files were successfully uploaded for service request 1-898629861

File Name :Daylight.mp3
File Size :3853 KB
Date/Time :2/27/2013 6:38:17 PM


[THREAD ID: 1-EV1CFU]

United States Copyright Office

**Exhibit A**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV13- 1605 RSWL (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
   312 N. Spring St., Rm. G-8
   Los Angeles, CA 90012

[ ] **Southern Division**
   411 West Fourth St., Rm. 1-053
   Santa Ana, CA 92701-4516

[ ] **Eastern Division**
   3470 Twelfth St., Rm. 134
   Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
KELLEY DRYE & WARREN LLP
Andrew M. White (State Bar No. 60181)
Edward E. Weiman (State Bar No. 193290)
10100 Santa Monica Blvd., Suite 2300
Los Angeles, CA 90067

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Micah Otano, an individual,

                                        PLAINTIFF(S)

                    v.

FRANK OCEAN aka, CHRISTOPHER BREAUX, an individual;
FRESH PRODUCE, LP; a California limited partnership;
MALAY aka JAMES RYAN HO, an individual; BHAMBOO LLC,
a Washington limited liability company; UMG RECORDINGS,
INC., a California corporation dba THE
ISLAND DEF JAM MUSIC GROUP; and UNIVERSAL    DEFENDANT(S).
MUSIC GROUP, INC., a Delaware corporation,

CASE NUMBER

**CV13-01605** RSWL (JCx)

**SUMMONS**

TO:    DEFENDANT(S):

       A lawsuit has been filed against you.

       Within __21__ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer
or motion must be served on the plaintiff's attorney, _Kelley Drye & Warren LLP_____, whose address is
_10100 Santa Monica Blvd., Suite 2300, Los Angeles California 90067_____. If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint. You also must file
your answer or motion with the court.

                                        Clerk, U.S. District Court

   Dated: March 6, 2013                 By: _____

                                                    JULIE PRADO

                                                    Deputy Clerk

                                              *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed*
*60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Micah Otano | Frank Ocean aka Christopher Breaux; Fresh Produce, LP; Malay aka James Ryan Ho; Bhamboo LLC; UMG Recordings, Inc. dba The Island Def Jam Music Group; and Universal Music Group, Inc. |
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Andrew M. White<br>Edward E. Weiman<br>Kelley Drye & Warren LLP<br>10100 Santa Monica Blvd., Suite 2300, Los Angeles, CA 90067 | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No **MONEY DEMANDED IN COMPLAINT:** $ determined at trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sec. 1331, 1338(a), 1367(a). Plaintiff's causes of action for (1) breach of contract, (2) fraud in the inducement, (3) rescission and restitution, (4) copyright infringement, and (5) declaratory relief arise out of Defendants' wrongful scheme to deprive Plaintiff of credit for his production and performance on the song "Lost."

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☒ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **CV13-01605**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?  ☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| UMG Recordings, Inc. - Los Angeles    Frank Ocean - Los Angeles<br>Universal Music Group, Inc. - Los Angeles    Fresh Produce, LP - Los Angeles | Malay aka James Ryan Ho - Bellingham, WA<br>Bhamboo LLC - Bellingham, WA |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** *Andrew M. White*   DATE: 3/6/13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |