1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
10

11 | Micah Otano,                         ) CV 13-01605 RSWL (JJCx)
                                          )
12 |          Plaintiff,                  )
                                          ) **ORDER Re: DEFENDANTS**
13 |     vs.                              ) **MALAY AND BHAMBOO LLC'S**
                                          ) **MOTION TO DISMISS**
14 | Frank Ocean, aka                     ) **PLAINTIFF'S FIRST**
     Christopher Breaux; Fresh            ) **AMENDED COMPLAINT**
15 | Produce, LP; Malay, aka              ) **PURSUANT TO FEDERAL RULE**
     James Ryan Ho; Bhamboo LLC;          ) **OF CIVIL PROCEDURE**
16 | UMG Recordings, Inc. dba             ) **12(b)(6)** [18]
     The Island Def Jam Music             )
17 | Group; Universal Music               )
     Group Inc.,                          )
18                                        )
                                          )
19 |          Defendants.                 )
                                          )
20 |_____     )

21       Currently before the Court is a Motion to Dismiss
22  filed by Defendants Malay, aka James Ryan Ho, ("Malay")
23  and Bhamboo LLC ("Bhamboo"; collectively "Defendants")
24  [15]. The Court, having considered all papers and
25  arguments submitted pertaining to this Motion, **NOW**
26  **FINDS AND RULES AS FOLLOWS:**
27       Defendants' Motion to Dismiss is **GRANTED in part**
28  and **DENIED in part.**

                              1

**I.  INTRODUCTION**

Plaintiff and Defendant Malay are music producers and songwriters.  FAC ¶ 17.  Defendant Bhamboo is purported to be Malay's loan-out company.  Opp'n 8:1-2. In the summer of 2010, Plaintiff and Malay co-wrote and co-produced a musical recording titled "DayLight."  FAC ¶ 17.  According to Plaintiff, he and Malay orally agreed to share co-producer credit on "DayLight" and to keep each other informed of their efforts to shop the song to potential buyers in the music industry ("Oral Agreement").  Id.  Plaintiff asserts that Malay breached the Oral Agreement after shopping "DayLight" to the singer-songwriter Frank Ocean and convincing him to use elements of "DayLight" in the production of his song "Lost" without giving Plaintiff co-producer credit, and that Malay fraudulently induced Plaintiff to waive his copyright interests in the song "Lost" by signing a "Certificate of Recording."

Plaintiff thereafter filed suit against Defendants Malay and Bhamboo, as well as Frank Ocean, a/k/a Christopher Breaux, ("Ocean"); Fresh Produce, LP ("Fresh Produce"); UMG Recordings, Inc. d/b/a The Island Def Jam Music Group ("IDJ"); and Universal Music Group, Inc. ("Universal") for (1) breach of contract, (2) fraud in the inducement, (3) rescission and restitution, (4) copyright infringement, (5) declaratory relief, and (6) intentional infliction of emotional distress.  Defendants filed the present

Motion to Dismiss on April 26, 2013, requesting that the Court dismiss Defendant Bhamboo from the First Amended Complaint ("FAC") and dismiss Plaintiff's first four claims against Defendant Malay pursuant to Federal Rule of Civil Procedure 12(b)(6) [18].

## II. DISCUSSION

**A.  Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted.  Dismissal can be based on a lack of cognizable legal theory or lack of sufficient facts alleged under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  However, a party is not required to state the legal basis for its claim, only the facts underlying it.  McCalden v. Cal. Library Ass'n, 955 F.2d 1214, 1223 (9th Cir. 1990), cert. denied, 112 S. Ct. 2306 (1992).  In a Rule 12(b)(6) motion to dismiss, a court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party.  Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir. 1991).

The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of its claim.  Swierkiewica v. Sorema N.A., 534 U.S. 506, 511 (2002).  "While a complaint attacked

by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted).  Although specific facts are not necessary if the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

**B.  Analysis**

    1.  Plaintiff's Request for Judicial Notice

As a preliminary matter, the Court addresses Plaintiff's Request for Judicial Notice [22]. Plaintiff asks the Court to take judicial notice of an agreement dated June 21, 2012, between Defendants Bhamboo and Fresh Produce regarding Defendant Malay's services as co-producer and co-mixer of the album "channel ORANGE" ("Album"), on which the song "Lost" is featured ("Producer Agreement").  Attached as an exhibit to the Producer Agreement is the Certificate of Recording by which Plaintiff purportedly waived his copyright interest in "Lost."

    The Court **DENIES** Plaintiff's Request for Judicial

Notice as to both the Producer Agreement and the Certificate of Recording.  Although a Court may consider material outside the complaint when ruling on a motion to dismiss so long as the material is "properly submitted as part of the complaint" or is judicially noted pursuant to Federal Rule of Evidence 201, Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001), Plaintiff has failed to show that the Producer Agreement or the Certificate of Recording, neither of which are a part of or are attached to the FAC, qualify for the Court's consideration under either approach.  Additionally, it is not necessary for the Court to consider either document in determining the outcome of this Motion.  See Yanek v. Staar Surgical Co., 388 F. Supp. 2d 1110, 1126-27 (C.D. Cal. 2005) (declining to consider documents that were not relevant to the court's determination of the motion to dismiss).  Thus, the Court **DENIES** Plaintiff's Request for Judicial Notice in its entirety.

    2.   Motion to Dismiss

        a.   *Dismissal of Defendant Bhamboo*

The Court finds that Plaintiff's allegations in the FAC are insufficient to state a claim for relief against Defendant Bhamboo.  Plaintiff's allegations primarily set forth legal conclusions concerning Bhamboo, which the Court need not accept.  Halkin v. VeriFone Inc., 11 F.3d 865, 868 (9th Cir. 1993) ("Conclusory allegations of law and unwarranted

5

inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). Plaintiff does not allege any facts to support his assertion that Malay was "acting both on his own behalf and on Bhamboo's behalf with respect to the conduct alleged in the FAC," Opp'n 7:19-21; FAC 2:3-4, nor does Plaintiff allege any facts to support his assertion that "each of the [d]efendants was the co-conspirator, alter ego, agent or principal" of one another and acted "with the knowledge and consent of the other [d]efendants." FAC ¶ 16. Plaintiff does not clarify whether Defendant Bhamboo was a party to the Oral Agreement, nor does he elucidate the nature of the relationship between Defendants Malay and Bhamboo at the time the Certificate of Recording was executed. Similarly, Plaintiff does not indicate what role, if any, Bhamboo played with regard to Malay's alleged fraud.

Therefore, the Court **GRANTS** Defendants' Motion as it pertains to the dismissal of Defendant Bhamboo. In light of Plaintiff's offer to plead specific additional facts so as to cure these deficiencies, the Court gives Plaintiff twenty days leave to amend the FAC accordingly. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

      b. *Plaintiff's Claim for Breach of Contract*

In support of their Motion to Dismiss, Defendants argue that the Court should dismiss Plaintiff's breach of contract claim because the Oral Agreement, which

Defendants are alleged to have breached, only pertains to the song "Daylight" and not to "Lost," and that even if the Oral Agreement does extend to "Lost," it was effectively extinguished when Plaintiff signed the Certificate of Recording, which acts as a novation of the Oral Agreement.

However, whether the Oral Agreement extends to "Lost" and whether it was extinguished by the Certificate of Recording concerns the underlying merits and substance of Plaintiff's breach of contract claim. As noted by the Supreme Court, these are inappropriate issues to address at the motion to dismiss stage. See Swierkiewica v. Sorema N.A., 534 U.S. 506, 511 (2002) (stating that for purposes of a motion to dismiss, the issue is not whether the plaintiff will ultimately prevail in the action, but whether the plaintiff is entitled to offer evidence in support of its claims). Accordingly, because Defendants have not shown that Plaintiff otherwise failed to state a claim on which relief can be granted, the Court **DENIES** Defendants' request to dismiss Plaintiff's breach of contract claim.

        c. *Plaintiff's Claims for Fraud in the Inducement and for Rescission and Restitution*

Defendants argue that Plaintiff's claims for fraud in the inducement and for rescission and restitution should be dismissed because Malay's alleged

7

misrepresentation to Plaintiff was not "material" within the meaning of a claim for fraud under California law and because Plaintiff has not established that he "justifiably relied" on Malay's purported misrepresentation.  However, the issues of materiality and justified reliance are not issues to be decided at this stage of the litigation.

   Materiality of misrepresentation is ordinarily a question of fact to be determined by a trial court or jury.  See, e.g., Engalla v. Permanente Med. Grp., Inc., 15 Cal. 4th 951, 977 (Cal. 1997) ("[M]ateriality is generally a question of fact.").  Materiality may be decided as a matter of law only if the "fact misrepresented is so obviously unimportant that the jury could not reasonably find that a reasonable man would have been influenced by it."  Id.  Although Defendants argue that Malay's alleged misrepresentation to Plaintiff that his "Daylight" performances were not used in "Lost" is not material because Plaintiff was unable to tell the difference between his performances on "DayLight" and the performances on "Lost," Defendants fail to indicate how Plaintiff's inability to determine the difference in performances renders Malay's alleged misrepresentation immaterial as a matter of law.  Absent additional evidence, the Court is not persuaded by Defendants' argument that Plaintiff failed to sufficiently allege material misrepresentation.

Similarly, the issue of justifiable reliance is ordinarily a question of fact to be determined by a trial court or jury.  See, e.g., Gray v. Don Miller & Assoc., Inc., 35 Cal. 3d 498, 503 (1984); Guido v. Koopman, 1 Cal. App. 4th 837, 843 (1991) ("[J]ustifiable reliance is an essential element of a claim for fraudulent misrepresentation, and the reasonableness of the reliance is ordinarily a question of fact.").  Whether a party's reliance was justified may be decided as a matter of law if reasonable minds can come to only one conclusion based on the facts.  Guido, 1 Cal. App. 4th at 843.  Here, Defendants fail to indicate how Plaintiff's consent to relinquish his rights to "DayLight" despite knowing that significant elements of "DayLight" were used in "Lost" renders his reliance on Malay's aforementioned statements unjustifiable as a matter of law.  Absent further proof beyond Defendants' bald assertions, it is unlikely that reasonable minds would only come to the conclusion that Plaintiff's purported reliance was unjustified.  Accordingly, the Court **DENIES** Defendants' request to dismiss Plaintiff's claims for fraud in the inducement and for rescission and restitution.

        d.   *Plaintiff's Claim for Intentional Infliction of Emotional Distress*

Defendants contend that the Court should dismiss Plaintiff's claim for intentional infliction of emotional distress ("IIED"), which stems from an

alleged death threat that Malay made to Plaintiff. Defendants maintain that Plaintiff has not sufficiently alleged two of the elements required for such a claim under California law: (1) extreme and outrageous conduct, and (2) severe emotional distress.

With regard to the severe emotional distress element, Defendants' reliance on <u>Bogard v. Employers Casualty Co.</u>, 164 Cal. App. 3d 602 (1985), is misplaced. Unlike the plaintiff in <u>Bogard</u>, Plaintiff alleges here that he is in constant fear for his safety and that of his immediate family. <u>Cf.</u> <u>Bogard</u>, 164 Cal. App. 3d at 607 n.2 (plaintiffs alleged that they had "suffered mental anguish and emotional distress, and became ill, nervous and upset."). Such an allegation sufficiently sets forth the nature and extent of Plaintiff's distress and, thus, Plaintiff has adequately pleaded severe emotional distress.

However, Plaintiff has not adequately alleged "extreme and outrageous conduct" as required under California law. Malay's statement is akin to the statement at issue in <u>Cochran v. Cochran</u>, 65 Cal. App. 4th 488 (1998), in that it was a mere threat, which, without more, cannot constitute outrageous conduct. <u>See</u> <u>Cochran</u>, 65 Cal. App. 4th at 496. <u>See</u> <u>also</u> <u>Cole v. Fair Oaks Fire Prot. Dist.</u>, 43 Cal. 3d 148, 155 n.7 (1987). Specifically, Malay's threat, to the extent that it can be characterized as such, is unclear and lacks immediacy. Although the statement appears to

10

indicate Malay's *desire* to kill Plaintiff, it is unclear from the statement alone whether such desire necessarily reflected his *immediate intention* to do so. The statement's imminency is further undermined by the fact that it was made to a third-party and not to Plaintiff himself.  Additionally, there is no indication that Malay took any steps to either carry out his alleged threat or make the threat appear more real.  See Cochran, 65 Cal. App. 4th at 498.  Malay's subsequent assertion that his statement was "for real" does nothing more than emphasize that his desire to kill Plaintiff was not idle.  Such an assertion does not establish Malay's actual intent to kill Plaintiff or an attempt by Malay to follow-through on his desire to do so.

    Moreover, Malay's statement does not fall within the ambit of conduct that courts have generally found to meet the extreme and outrageous standard.  Threats typically rise to the level of "outrageous" conduct when considered in light of other acts committed concurrently. See, e.g., Alcorn v. Anbro Eng'g, Inc., 2 Cal. 3d 493, 496 (1970) (finding that the defendant supervisor's conduct of shouting insulting epithets, terminating plaintiff's employment, and humiliating plaintiff, when taken together, was "outrageous"); Newby v. Alto Riviera Apartments, 60 Cal. App. 3d 288, 297-98 (1976) (finding that threats made in the course of continuous harassment and intimidation comprised a

"total course of conduct" that met the test for outrageous conduct) superseded by statute on other grounds as recognized in W. Land Office, Inc. v. Cervantes, 175 Cal. App. 3d 724 (1985). Furthermore, although Plaintiff and Malay were engaged in an ongoing dispute, Malay's statement was not part of a series of threats made for the purpose of compelling Plaintiff into specific behavior. Cf. Kiseskey v. Carpenters' Trust for Southern California, 144 Cal. App. 3d 222, 232 (1983). As such, Malay's statement, as alleged in the FAC, does not constitute an actionable threat because it does not rise to the level of extreme or outrageous conduct.

Therefore, the Court **GRANTS** Defendants' request to dismiss Plaintiff's claim for IIED. Because counsel for Plaintiff indicated at the hearing on this Motion that essentially all of the relevant facts related to Plaintiff's IIED claim have already been pled, the Court dismisses Plaintiff's IIED claim **without leave to amend** because allowing Plaintiff leave to amend here would be futile. See Albrecht v. Lund, 845 F.2d 193, 195 amended, 856 F.2d 111 (9th Cir. 1988).

### IV. CONCLUSION

Based on the above analysis, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, the Court:

- **GRANTS** Defendants' Motion to Dismiss Plaintiff's FAC as to Defendant Bhamboo and allows Plaintiff **twenty days leave to amend** accordingly;
- **DENIES** Defendants' Motion to Dismiss as to Plaintiff's breach of contract claim;
- **DENIES** Defendants' Motion to Dismiss as to Plaintiff's fraud in the inducement claim and rescission and restitution claim; and
- **GRANTS** Defendants' Motion to Dismiss as to Plaintiff's IIED claim **without leave to amend**.

Additionally, the Court **DENIES** Plaintiff's Request for Judicial Notice.

**IT IS SO ORDERED.**

Dated: May 30, 2013.

RONALD S.W. LEW
_____
**HONORABLE RONALD S. W. LEW**
U.S. District Court Judge